## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| STEPHANIE THOMPSON, Individually and on Behalf of All Other Persons Similarly Situated, | )<br>)<br>) |
| | ) **COLLECTIVE COMPLAINT** |
| Plaintiff, | )<br>) |
| v. | ) Jury Trial Demanded<br>) |
| RUBY TUESDAY, INC., | ) Civil Action No. 3:17-cv-321<br>) |
| Defendant. | ) |

## INTRODUCTION

Plaintiff Stephanie Thompson, individually and on behalf of all others similarly situated, files this Collective Action Complaint (the "Complaint") against Defendant Ruby Tuesday, Inc. ("Defendant" or "Ruby Tuesday") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et. seq*. The following allegations are based on Plaintiff's personal knowledge and belief and upon information made known to Plaintiff.

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and other current and former Assistant Managers ("AMs"), and similarly situated current and former employees holding comparable positions but different titles employed by Defendant in the United States and who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (hereinafter the "Collective" or "Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked in excess of 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District and Defendant resides in this District.

4. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

### I. *The Plaintiff*

5. Plaintiff is an individual residing in Portsmouth, Virginia.

6. During all relevant times, Plaintiff was employed by Ruby Tuesday, including, specifically, from August 2014 to September 2015 at Ruby Tuesday in Centerbrook, Virginia, and from September 2015 to October 2, 2016 at Ruby Tuesday in Harborview, Virginia.

7. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). *See* Exhibit A.

8. Plaintiff worked in excess of 40 hours per workweek, without receiving wages from Defendant for all hours worked, as well as overtime compensation as required by federal laws.

### II. *The Defendant*

9. Defendant Ruby Tuesday, Inc. is a corporation that was formed and organized under the laws of Georgia, with its corporate headquarters at 150 W. Church Avenue, Maryville, Tennessee 37801.

10. According to its website, Defendant operates a chain of 735 restaurants worldwide as of 2016.

11. At all times relevant herein, Defendant has been an employer within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)).

12. Defendant issued paychecks to Plaintiff and all similarly situated employees during their employment.

13. Defendant suffered, permitted or directed the work of Plaintiff and similarly situated employees, and Defendant benefited from work performed by Plaintiff and similarly situated employees.

14. Pursuant to Defendant's policy, pattern, and practice, Defendant did not pay Plaintiff and other similarly situated employees proper overtime wages for hours they worked for Defendant's benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

15. Defendant employed Plaintiff and the Collective Action Members as AMs.

16. Defendant maintains control, oversight, and discretion over the operation of its restaurants, including its employment practices with respect to Plaintiff and the Collective Action Members.

17. Plaintiff and the Collective Action Members performed work as AMs that was integrated into the normal course of Defendant's business.

18. Consistent with Defendant's policy, pattern and/or practice, Plaintiff and the Collective Action Members regularly worked in excess of 40 hours per workweek without being paid premium overtime wages, in violation of the FLSA. For example, Plaintiff worked more than 40 hours during the week of August 15, 2016.

19. Ruby Tuesday assigned all of the work performed by Plaintiff and the Collective Action Members, and is aware of all the work that they have performed.

20. This work required little skill and no capital investment. Nor did it include primarily managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

21. During the three years from the date of filing this Complaint to the entry of judgment in this case ("the Collective Action Period"), Plaintiff and the Collective Action Members performed the same primary job duties: cooking, prepping orders, waiting tables, doing dishes, and cleaning.

22. Throughout the Collective Action Period, the primary job duties of Plaintiff and all Collective Action Members did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

23. The primary job duties of Plaintiff and all members of the Collective Action did not materially differ from the duties of non-exempt hourly paid employees, which included many duties that were manual and non-exempt in nature. The performance of manual labor and non-exempt duties occupied the majority of Plaintiff's working hours.

24. Pursuant to a centralized, company-wide policy, pattern and/or practice, Ruby Tuesday classified all AMs and other similarly situated current and former employees holding comparable positions but different titles, as exempt from the overtime provisions of the FLSA.

25. Upon information and belief, Ruby Tuesday did not perform a person-by-person analysis of the job duties of AMs when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.

26. Defendant established labor budgets to cover labor costs for the restaurants in which Plaintiff and similarly situated AMs worked. The wages of Defendant's restaurant-level employees were deducted from the labor budgets. However, Defendant did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary manual and non-exempt tasks in each restaurant. Defendant knew or recklessly disregarded the fact that the underfunding of restaurant labor budgets resulted in Plaintiff and other similarly situated AMs (who were not paid overtime) working more than 40 hours in a workweek without receiving any additional overtime compensation, which allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt, store-level employees.

27. Defendant knew, by virtue of the fact that its General Managers and District Managers (as its authorized agents) actually saw Plaintiff and other similarly situated AMs perform primarily manual labor and non-exempt duties, that as a result of the underfunded labor budgets, the amount of money available to pay non-exempt employees to perform such work was limited (and, ultimately, insufficient). Defendant knew that Plaintiff and other similarly situated AMs were performing the work of non-exempt employees and, based on their actual job duties, AMs did not fall within any FLSA exemptions. Inasmuch as Ruby Tuesday is a substantial corporate entity aware of its obligations under the FLSA, it acted willfully and/or recklessly in failing to classify Plaintiff and other similarly situated AMs as non-exempt employees.

28. Defendant is aware or should have been aware, through the General Managers and District Managers (as its authorized agents), that AMs were primarily performing non-exempt duties. As a restaurant chain operating over 730 locations worldwide, Defendant knew

5

or recklessly disregarded the fact that the FLSA required Defendant to pay non-exempt employees an overtime premium for hours worked in excess of 40 per workweek.

29. Defendant's unlawful conduct, as described above, was willful and/or in reckless disregard of the FLSA and was accomplished through Defendant's centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA.

30. As part of its regular business practice, Ruby Tuesday intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA with respect to Plaintiff and the members of the Collective Action. This policy, pattern, and practice includes, but it is not limited to, Ruby Tuesday's knowledge of its obligations and the kind of work that Plaintiff and the members of the Collective Action were, and have been, performing. As a result, Defendant has:

    a. willfully misclassified Plaintiff and members of the Collective Action;

    b. willfully failed to pay Plaintiff and the members of the Collective Action overtime wages for hours they worked in excess of 40 hours per week; and

    c. willfully failed to provide enough money in its store-level labor budgets for non-exempt employees to perform their duties and responsibilities, forcing AMs to perform such non-exempt tasks.

31. Defendant's willful violations of the FLSA are further demonstrated by the fact that during the course of the Collective Action Period and continuing to the present, Defendant has failed to maintain accurate and sufficient time records for Plaintiff and the members of the Collective Action. Defendant acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not allow Plaintiff to record all hours worked.

6

Case 3:17-cv-00321-RLJ-HBG Document 1 Filed 07/25/17 Page 6 of 11 PageID #: 6

32. Due to the foregoing, Ruby Tuesday's failure to pay overtime wages for work performed by the Collective Action Members in excess of 40 hours per workweek was willful and/or reckless, and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33. Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute her FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Ruby Tuesday as AMs, and individuals holding comparable salaried positions but with different titles, within the United States at any time from three years from the date of the filing of this Complaint to the entry of judgment in this case (the "Collective Action Period").

34. Ruby Tuesday is liable under the FLSA for, *inter alia*, failing to pay premium overtime wages to Plaintiff and other similarly situated employees for all hours over 40 worked in any given workweek.

35. Upon information and belief, there are likely hundreds of similarly situated current and former AMs who have not been paid premium overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

36. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## FIRST CAUSE OF ACTION
## (FLSA: UNPAID OVERTIME WAGES)
## (Brought on Behalf of Plaintiff and All Collective Action Members)

37. Plaintiff, on behalf of herself and all Collective Action Members, re-allege and incorporate by reference paragraphs 1 through 36 as if they were set forth again herein.

38. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all relevant times, Defendant employed Plaintiff, and employed or continues to employ, each of the Collective Action Members within the meaning of the FLSA.

40. Ruby Tuesday has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

41. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). *See* Exhibit A.

42. The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Ruby Tuesday.

43. At all relevant times and continuing to the present, Defendant has had a policy and practice of refusing to pay premium overtime compensation to its AMs and similarly situated employees in comparable positions but holding different titles, for hours worked in excess of 40 hours per workweek.

44. As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has

8

Case 3:17-cv-00321-RLJ-HBG   Document 1   Filed 07/25/17   Page 8 of 11   PageID #: 8

violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

45. As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the Collective Action Members, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

46. As a result of Defendant's policy and practice of minimizing labor costs by underfunding labor budgets for its restaurants, Defendant knew or recklessly disregarded the fact that Plaintiff and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

47. Due to Defendant's (a) failure to provide enough labor budget funds, (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Collective Action Members, (c) actual knowledge, through its General Managers and District Managers, that the primary duties of Plaintiff and the Collective Action Members were manual labor and other non-exempt tasks, (d) failure to perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job duties to ensure that they were performing exempt job duties, and (e) policy and practice that did not allow Plaintiff and Collective Action Members to record all hours worked, Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

48. As a result of Defendant's FLSA violations, Plaintiff, on behalf of herself and the Collective Action Members, is entitled (a) to recover from Defendant her unpaid wages for all of the hours worked as premium overtime compensation; (b) to recover an additional, equal

9

amount as liquidated damages for Defendant's willful violations of the FLSA; and (c) recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

49. Ruby Tuesday's violations of the FLSA have been willful, thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Collective Action Members are entitled to and pray for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. A declaratory judgment that the practices complained of are unlawful under the FLSA;

c. An injunction requiring Defendant to cease its unlawful practices;

d. An award of unpaid wages for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay under the FLSA using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5);

e. An award of liquidated and punitive damages as a result of Ruby Tuesday's willful failure to pay for all hours worked in excess of 40 hours in a workweek,

at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216;

f. An award of prejudgment and post-judgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and

h. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiff and the Collective Action Members demand a trial by jury on all questions of fact raised by the Complaint.

Dated: July 25, 2017          By:

                    s/ *Jennifer B. Morton*
Jennifer Morton (BPR #015585)
Jennifer Morton Law, PLLC
8217 Pickens Gap Road
Knoxville, TN 37920
Tel: (865) 579-0708
Fax: (865) 579-0787
jen@jmortonlaw.com

Seth R. Lesser (to seek admission *pro hac vice*)
Fran L. Rudich (to seek admission *pro hac vice*)
Alexis H. Castillo (to seek admission *pro hac vice*)
KLAFTER, OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel: (914) 934-9200
Fax: (914) 934-9220

***Attorneys for Plaintiff and the Collective***